```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ANTHONY BASSY, individually and on behalf of      :
others similarly situated; and AHMED KOMOLAFE and :
OLOFEMI OYEWO, individually,                      :
                                                  :
                        Plaintiffs,               :          ORDER
                                                  :     12-Civ-2712 (PKC) (SMG)
        -against-                                 :
                                                  :
FAITH SECURITY SERVICES, INC. and                 :
EMMANUEL ROSIJI, an individual,                   :
                                                  x
                        Defendants.
-------------------------------------------------------------------
```
*Gold, S., U.S.M.J.:*

Anthony Bassy is one of several plaintiffs who brought this action asserting claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* By letter dated August 28, 2013, plaintiffs' counsel advised the Court that Bassy had passed away and that his surviving family members intended to pursue his claims. Docket Entry 59.

I held a conference on September 13, 2013. After the conference, I issued an order directing plaintiff to file an amended complaint substituting a proper party for Bassy "[a]s soon as practicable after the appointment of an executor." My Order made explicit reference to Federal Rule of Civil Procedure 25, which provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a).

On January 23, 2014, plaintiff's counsel submitted a letter motion explaining that the proceedings in Surrogate's Court had not been concluded and seeking additional time

to substitute a proper party for Bassy. Docket Entry 66. Defendants have submitted opposition to plaintiff's motion. Docket Entry 68. Defendants do not identify any prejudice they will suffer if plaintiff Bassy's motion is granted. Rather, defendants appear to rely exclusively upon the language of Rule 25(a), and in particular the statement in the rule that an action by a decedent "must be dismissed" if a motion for substitution is not made "within 90 days after service of a statement noting the death."

Plaintiffs' motion should be granted for two reasons. First, it is far from clear that the August 28, 2013 letter from plaintiffs' counsel is a "statement noting death" triggering the commencement of the 90-day period described in Rule 25. As a district court in this Circuit has explained, "[t]he attorney for the decedent has no authority to suggest the death of his or her client upon the record" because she "is not a party to the action and the attorney's authority to represent the decedent terminated upon death." *Smith v. Planas*, 151 F.R.D. 547, 549-50 (S.D.N.Y. 1993). "A representative of the deceased party, and not that party's attorney, must make the suggestion of death." *Id.*; *see also Morales v. CT Holdings, Inc.*, 2001 WL 1204011, at *1 (S.D.N.Y. Oct. 10, 2001). Thus, the rule seems to contemplate that the 90 days it provides does not even begin to run until a representative of a deceased's estate has been appointed.

Second, despite the language of the rule, this Court has discretion to afford additional time for substitution. The Advisory Committee Note to the 1963 Amendment to Rule 25 explicitly contemplates that a motion for substitution will be made within the rule's 90-day period "unless the period is extended pursuant to Rule 6(b)." Federal Rule of Civil Procedure 6(b) in turn authorizes a court to extend the time within which an act must be done for good cause. Indeed, even the case cited by defendants in support of

their motion noted that, despite what appears to be mandatory language in Rule 25(a), "courts have extended the time to file a motion for substitution both before and after the expiration of the 90-day period." *Keating v. Leviton Mfg. Co., Inc.*, 2009 WL 234654, at *2 n.1 (E.D.N.Y. Jan 30, 2009) (quotation marks and citation omitted); *see also Kernisant v. City of New York*, 225 F.R.D. 422, 427 (E.D.N.Y. 2005).

Here, as noted above, Bassy's survivors are pursuing appointment of a representative of Bassy's estate in Surrogate's Court. There is no reason to believe that they have not been diligent. Moreover, defendants have failed to identify any prejudice they will suffer if additional time for substitution is allowed. Similar circumstances have been held sufficient to establish good cause to extend time pursuant to Federal Rule of Civil Procedure 6(b). *See Kernisant*, 225 F.R.D. at 432.

For all these reasons, the motion is granted. Counsel shall file either an amended complaint substituting a proper party for Bassy or a letter explaining why she has not done so by February 3, 2014.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
January 17, 2014

U:\DFM 2014\Bassy\Bassy order 011714.docx