UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANTHONY BASSY, et al.,                                            :
*individually and on behalf of others similarly situated,*        :
                                                                  :
                      Plaintiffs,                    :      REPORT &
                                                                  :      RECOMMENDATION
   -against-                                                    :      12-CV-2712 (PKC) (SMG)
                                                                  :
FAITH SECURITY SERVICES, INC. and                                 :
EMMANUEL ROSIJI,                                                  :
                                                                  :
                      Defendants.                    :
------------------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

      Currently pending before the Court is plaintiffs' motion to reopen this action to enforce a confession of judgment that was executed in connection with a settlement agreement in July 2014. *See* Plaintiffs' Motion to Reopen ("Pls.' Mot."), Docket Entry 91. After more than two years of litigating this collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the parties entered into a settlement agreement. The agreement provided that defendants would pay plaintiffs $150,000, consisting of $70,000 in attorneys' fees and $80,000 in damages to be disbursed among the plaintiffs.[1] Settlement Agreement ("S.A.") ¶ I.A, Docket Entry 91-2. The settlement agreement allowed defendants to make payments over time in minimum monthly installments of $5,000. S.A. ¶ I.A.2.

      To ensure that defendants had adequate incentive to pay the settlement amount in full, and to provide plaintiffs with recourse if they did not, the agreement provided for defendants to tender, contemporaneously with the executed agreement, a signed confession of judgment for

---

[1] Plaintiffs also asserted claims under the New York Labor Law ("NYLL"). *See* Am. Compl. ¶¶ 62-71, 85-89, Docket Entry 10.

$220,000.  S.A. ¶ I.D.3.d.  The affidavit of confession of judgment, signed by defendant Emmanuel Rosiji individually and on behalf of Faith Security Services, Inc. ("FSS"), provides in pertinent part:

> Defendants, jointly and severally, hereby confess judgment in this court in favor of the Plaintiffs, in the sum of $220,000.00, plus attorneys' fees and costs in the amount of [sic] estimated to be the amount that would be spent in pursuance of any proceedings related to collection of moneys related thereto, together with simple interest from May 21, 2014, computed at a rate of 9% per annum, plus costs and disbursements, less amounts paid pursuant to the Settlement Agreement dated in or around May 21, 2014, and do hereby authorize the Plaintiff or assigns to enter judgment for said amount.

Affidavit for Confession of Judgment ("C.J. Aff.") ¶ 3, S.A., Ex. B, Docket Entry 97-1.

As indicated by the terms of the confession of judgement quoted above, the agreement provides that, in the event of default, plaintiffs may file the executed confession of judgment and enforce it up to its full amount, less amounts already paid by defendants under the agreement. S.A. ¶ I.D.3; C.J. Aff. ¶ 3.  An event of default is defined in the agreement as a failure to make a payment within fifteen days of its being due; before invoking remedies for default, though, plaintiffs must provide notice and a ten-day opportunity to cure.  S.A. ¶ I.D.3.  The agreement and confession of judgment also entitle plaintiffs to recover any attorneys' fees and costs expended to enforce the confessed judgment, as well as interest accruing from May 21, 2014, at an annual rate of nine percent.  *See* S.A. ¶ I.D.3.e.; C.J. Aff. ¶ 3.

Based upon the executed settlement agreement, United States District Judge Pamela K. Chen dismissed the case but granted plaintiffs "leave to reopen the case for purposes of settlement enforcement, over which the Court [would] retain jurisdiction."  *See* Order dated August 13, 2014.

With only three scheduled payments remaining, defendants defaulted by failing to make the minimum payment of $5,000 that was due on December 28, 2016. Pls.' Mot. at 2-3.[2] Notice was sent to defendants, and after defendants failed to cure within ten days, this motion followed. *See* Letter from Penn Dodson to Emmanuel Rosiji, dated January 19, 2017, Docket Entry 91-4. Plaintiffs now seek to have the case reopened to enforce the confession of judgment and to recover attorneys' fees incurred in making the motion. Pls.' Mot. at 2. Judge Chen has referred plaintiffs' motion to me for report and recommendation. *See* Order dated February 8, 2017.

I held a telephone conference on February 27, 2017. Plaintiffs appeared through their counsel and defendant Rosiji appeared pro se; although defendants were previously represented by counsel, Rosiji claimed he could no longer afford to pay for an attorney. *See* Docket Entry 95; Transcript of Telephone Conference ("Tr.") at 3, Docket Entry 100. I provided defendants with two weeks to respond to plaintiffs' motion. Tr. 3. On March 20, 2017, Rosiji submitted a letter to the Court in which he stated that, as of March 5, 2017, defendant FSS had ceased operations due to financial difficulties and that it has "no available funds to meet any obligations coming due." Letter from Emmanuel Rosiji to the Court, dated March 20, 2017, Docket Entry 98. According to plaintiffs, Rosiji is also in financial distress; he is the subject of an IRS tax lien in an amount exceeding $300,000. *See* Plaintiffs' Motion for Attorneys' Fees at 2, Docket Entry 99.[3]

For the reasons that follow, I respectfully recommend that plaintiffs' motion to reopen the case be granted and that judgment be entered against defendants in the amount of $84,749.89,

---

[2] Plaintiffs' Motion to Reopen does not contain page numbers; the page numbers cited throughout this Report thus refer to the page numbers assigned by the Court's electronic filing system.

[3] Since plaintiffs' Motion for Attorneys' Fees does not contain page numbers, the citation to page two refers to the page number assigned by the Court's electronic filing system.

3

plus interest. I recommend further that plaintiffs' motion to recover attorneys' fees be denied in light of plaintiffs' failure to submit contemporaneous time records as is required by well-settled Second Circuit precedent.

## DISCUSSION

A. *Motion to Reopen*

Plaintiffs seek to reopen this action to enforce a confession of judgment executed contemporaneously with the settlement agreement they signed with defendants in July 2014. Pls.' Mot. at 1. "A confession of judgment is a device whereby defendants admit that they owe the plaintiff a certain sum of money and consent to a judgment being entered against them for that amount; if they fail to make payments on the debt according to a specified schedule, the judgment may then be enforced." *Febus v. Guardian First Funding Grp., LLC*, 90 F. Supp. 3d 240, 248 (S.D.N.Y. 2015) (citation omitted). They are often used to facilitate payment of a debt in settlement of a lawsuit, "allow[ing] a creditor to avoid formal, lengthy, and expensive legal proceedings in order to collect from his debtor." *Id.* (quoting *Alland v. Consumers Credit Corp.*, 476 F.2d 951, 957 (2d Cir. 1973)). Evidently, that is what was intended here.

As noted above, the settlement agreement provides that, in the event of an uncured default, "[p]laintiffs' counsel is permitted to file a Confession of Judgment with no further notice to" defendants. S.A. ¶ I.D.3.d. The agreement calls upon defendant Rosiji, individually and on behalf of FSS, "to sign the affidavit of confession of judgment attached hereto as Exhibit B for $220,000.00 plus attorney[s'] fees and costs." *Id.* ¶ I.D.3.d.i. It further provides for the confession of judgment to be delivered to plaintiffs' counsel contemporaneously with the execution of the settlement agreement and held in escrow unless and until defendants default.

According to plaintiffs, defendants had made almost all of their payments required by the settlement agreement—indeed twenty-nine out of thirty-two—when they defaulted by failing to

4

remit to plaintiffs' counsel the payment that was due on December 28, 2016. Pls.' Mot. at 2-3. Plaintiffs notified defendants of their default and provided them with an opportunity to cure, thereby complying with the procedures set forth in the settlement agreement. Nevertheless, according to plaintiffs, defendants have failed to remit any further payments towards the settlement amount. *See* Letter from Penn Dodson to the Court, dated March 16, 2017, Docket Entry 96. In light of defendants' default under the settlement agreement, I respectfully recommend that plaintiffs' motion to reopen the case to enforce the confession of judgment be granted. I further respectfully recommend that judgment be entered against all defendants in the amount of $84,749.89, plus prejudgment interest accruing from May 21, 2014, at an annual rate of nine percent, until the date final judgment is entered.[4]

B. *Attorneys' Fees and Costs*

Plaintiffs also seek to recover attorneys' fees and costs. Pls.' Mot. at 2. Both are provided for in the settlement agreement, as well as in the confession of judgment itself. *See* S.A. ¶ I.D.3.e ("Employer agrees that they [sic] will be liable for any attorney[s'] fees and/or costs necessitated by the need to enforce this Agreement, or to collect in the event of beach [sic] or default."); C.J. Aff. ¶ 3. Initially, plaintiffs' counsel sought $110,000 in attorneys' fees, representing what plaintiffs estimate a hypothetical collection agency would charge to collect the monies owed by defendants. Pls.' Mot. at 2. In support of this position, plaintiffs relied solely on language in the Affidavit for Confession of Judgment providing for an award of attorneys' fees "in the amount of [sic] *estimated to be the amount that would be spent* in pursuance of any

---

[4] According to plaintiffs, defendants have already paid $145,000, of which $135,250.11 was paid towards the principal amount due. Pls.' Mot. at 3. I therefore subtract the latter amount to determine the amount owed by defendants under the confession of judgment. *See* C.J. Aff. ¶ 3 ("Defendants, jointly and severally, hereby confess judgment in this court in favor of the Plaintiffs, in the sum of $220,000.00 . . . less amounts paid pursuant to the Settlement Agreement.").

5

proceedings related to collection of moneys related thereto." C.J. Aff. ¶ 3 (emphasis added). Plaintiffs' counsel seems to view this clause as providing a basis for a prospective fee award without any evidence that fees have actually been incurred. During the telephone conference I held on February 27, 2017, I advised plaintiffs' counsel that I was inclined to award fees only for time actually spent making the instant motion. Tr. 5.

Accordingly, plaintiffs revised their request for attorneys' fees and now seek a flat fee of $4,000, inclusive of costs, "[f]or the legal work related to the default up through the point of judgment." Plaintiffs' Memorandum of Law in Support of Motion for Attorneys' Fees ("Pls.' Mem.") at 13, Docket Entry 99-1. In addition, plaintiffs seek an award "[f]or the legal work to be performed from the point of the entry of judgment onward." Pls.' Mem. at 14.

In this Circuit, courts awarding attorneys' fees calculate a "presumptively reasonable fee" by taking the product of the hours reasonably expended and a reasonable hourly rate that reflects "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). A reasonable hourly rate is generally calculated by reference to the prevailing hourly rates in the district where the court sits for attorneys of "comparable skill, experience, and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998); *Morales v. B&M Gen. Renovation Inc.*, 2016 WL 1266624, at *10 (E.D.N.Y. Mar. 9, 2016) (citation omitted), *report and recommendation adopted by*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016). In addition, courts must use their "experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in a given case." *Fox Indus., Inc. v. Gurovich*, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (citation omitted). Hours that are "excessive,

redundant, or otherwise unnecessary" should be excluded. *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To that end, well-established Second Circuit doctrine requires that an application for attorneys' fees be supported by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "Failure to do so results in denial of the motion for fees." *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992); *see also Scott v. City of New York*, 626 F.3d 130, 133-34 (2d Cir. 2010) ("*Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases. . . . such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application.").

Although plaintiffs' counsel seeks a flat fee award in the amount of $4,000, she has inexplicably failed to submit contemporaneous time records as required by *Carey* and its progeny. According to plaintiffs' counsel, her firm maintains "internal records related to the tasks performed and the time associated with those tasks," but it did not submit them to the Court "because doing so would be contrary to the spirit of [its] arguments." Pls.' Mem. at 13 n.3. In the absence of supporting documentation sufficiently detailed to satisfy *Carey*, or a compelling reason to excuse compliance in this instance, an award of fees would be contrary to the well-settled law binding on this Court. *See Mack Fin. Servs. v. Poczatek*, 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011) ("In general, courts in this Circuit will not award attorneys['] fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent[,] and work done.") (citation and quotation marks

7

omitted), *report and recommendation adopted by*, 2011 WL 4628692 (E.D.N.Y. Sept. 30, 2011); *see also Cit Bank v. Dambra*, 2015 WL 7422348, at *8-9 (E.D.N.Y. Sept. 25, 2015) (recommending denial of application for a $3,500 flat attorneys' fee award where attorney failed to submit contemporaneous time records), *report and recommendation adopted by*, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015); *OneWest Bank, N.A. v. Cole*, 2015 WL 4429014, at *6-7 (E.D.N.Y. July 17, 2015) (same). I therefore respectfully recommend that plaintiffs' application for attorneys' fees in the amount of $4,000 be denied. For the same reasons, and because a prospective fee award at this juncture would be premature and entirely speculative, especially given the improbability of future recovery, I respectfully recommend that plaintiffs' application for attorneys' fees for time not yet spent be denied without prejudice to renewal if and when such fees are incurred, and then only upon presentation of contemporaneous time records prepared with the degree of detail required under *Carey*. *See Kingsvision Pay-Per-View Ltd. v. Soluna Bar Lounge, Inc.*, 2008 WL 2673340, at *6 (E.D.N.Y. May 27, 2008) (noting that "courts ordinarily deny requests for attorneys' fees to be incurred in the future"), *report and recommendation adopted by*, 2008 WL 2673338 (E.D.N.Y. June 27, 2008); *see also Janus v. Regalis Constr., Inc.*, 2012 WL 3878113, at *13 (E.D.N.Y. July 23, 2012) (rejecting request for "anticipated fees"), *report and recommendation adopted by*, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012).

Plaintiffs also request that "the final judgment in this case contain language as prescribed by" Section 198(4) of the NYLL. Pls.' Mem. at 16. Section 198(4) provides, in pertinent part:

> In any civil action by an employee . . . the employee . . . shall have the right to collect attorneys['] fees and costs incurred in enforcing any court judgment. Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is

then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

N.Y. Lab. Law § 198(4).  This application is without merit.  Plaintiffs are entitled to the relief sought in this motion not under the NYLL, but because defendants breached the settlement agreement.  Indeed, the July 2014 settlement agreement terminated plaintiffs' NYLL claims and rendered the agreement enforceable only as a binding contract.  *See Donnelly v. Large*, 909 N.Y.S.2d 205, 207 (App. Div. 3d Dep't 2010) (citations omitted); *see also* 19A N.Y. Jur. 2d Compromise, Accord, and Release § 56 ("When an agreement of settlement takes place, it merges the previous rights of the parties, and the only agreement existing between them is the agreement of settlement.  This is particularly clear where the agreement of settlement has been executed.").  Accordingly, I respectfully recommend that plaintiffs' application to include language from Section 198(4) in the final judgment be denied.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' motion to reopen the case to enforce defendants' confession of judgment be granted.  I recommend further that judgment be entered against defendants, jointly and severally, in the amount of $84,749.89, together with prejudgment interest thereon at the rate of 9% per annum accruing from May 21, 2014, until the date final judgment is entered.  I recommend in addition that plaintiffs' motion for attorneys' fees be denied without prejudice to renewal for future fees earned.  Finally, I respectfully recommend that plaintiffs' application to include language from Section 198(4) of the NYLL in the final judgment be denied.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before **July 3, 2017**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely

9

objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Plaintiffs shall forthwith serve copies of this Report and Recommendation upon defendants at their last known address and file proof of service with the Court.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
June 19, 2017

*U:\#ZAK 2016-2017\Bassy v. Faith Security Servs. (12cv2712) (PKC)\Motion to Reopen - R&R FINAL.docx*